**United States District Court**
For the Northern District of California

| | |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | NORTHERN DISTRICT OF CALIFORNIA |

| | |
|---|---|
| DENIZ BOLBOL, | No. C-09-1944 EMC |
| Plaintiff, | No. C-09-5318 EMC |
| v. | **CONSOLIDATED CASES** |
| CITY OF DALY CITY, *et al.*, | |
| Defendants. | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS; AND DENYING AS MOOT PLAINTIFF'S MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT** |
| MARK ENNIS, | |
| Plaintiff, | **(Docket Nos. 97, 108)** |
| v. | |
| CITY OF DALY CITY, *et al.*, | |
| Defendants. | |

Plaintiff Deniz Bolbol has filed suit against various defendants, including the City of Daly City, the City Police Department, various City police officers, the Cow Palace, Carson & Barnes Circus ("Carson"), and its circus manager Gustavo Parra-Bello. Currently pending before the Court are two motions: (1) Carson's motion to dismiss the second amended complaint ("SAC") and (2) Ms. Bolbol's motion for leave to file a third amended complaint ("TAC"). Having considered the parties' briefs and accompanying submissions, as well as the oral argument of counsel, the Court hereby **GRANTS** in part and **DENIES** in part the motion to dismiss. Given the Court's rulings on the motion to dismiss, Ms. Bolbol's motion for leave to file a TAC is moot.

## I. DISCUSSION

A. Carson's Motion to Dismiss

### 1. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss based on the failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). A motion to dismiss based on Rule 12(b)(6) challenges the legal sufficiency of the claims alleged. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). In considering such a motion, a court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party, although "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than sheer possibility that a defendant acted unlawfully." *Id.*

### 2. Standing

In the instant case, Ms. Bolbol has asserted the following claims against Carson and its manager Mr. Parra-Bello: (1) violation of California Penal Code § 236 (the eighth cause of action); and (2) violation of California Civil Code § 52.1 (the ninth cause of action). Carson has moved to dismiss both claims – both as to itself and as to Mr. Parra-Bello. While, as a formal matter, Carson lacks standing to challenge the claims against Mr. Parra-Bello, as a practical matter, the Court's analysis with respect to Carson will also apply to Mr. Parra-Bello. Accordingly, as a matter of efficiency, the Court shall address the claims as to both defendants. To the extent Ms. Bolbol has not served Mr. Parra-Bello with any complaint, she is advised to do so promptly or she risks dismissal of her claims against him for failure to prosecute.

### 3. Untimely Opposition

In its papers, Carson contends that dismissal of the claims is warranted based solely on the fact that Ms. Bolbol's failed to file a timely opposition to the motion to dismiss. While the Court agrees with Carson that Ms. Bolbol's opposition was not timely filed (*i.e.*, the order reassigning this case from Judge Patel to this Court did not mean that briefing could be redone), it disagrees that it must dismiss as a result. Even where a party fails to oppose a Rule 12(b)(6) motion, a court may assess the legal sufficiency of a complaint. *See McCall v. Pataki*, 232 F.3d 321, 322-23 (2d Cir. 2000) (noting that "the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law"; accordingly, "[i]f a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal"); *cf. Henry v. Gill Indus., Inc.*, 983 F.2d 943, 949 (9th Cir. 1993) (noting that "'it is highly questionable in light of the standards of [Fed. R. Civ. P.] 56 that a local rule can mandate the granting of summary judgment for the movant based on a failure to file opposing papers where the movant's papers are themselves insufficient to support a motion for summary judgment or on their face reveal a genuine issue of material fact'"). The Court therefore turns to the merits of Carson's motion to dismiss.

### 4. Statute of Limitations

Carson argues first that both the claims asserted against it and Mr. Parra-Bello should be dismissed with prejudice on the basis that they are time barred. The events at issue took place on September 13, 2008. Thus, according to Carson, Ms. Bolbol's claims against it are untimely because the first complaint containing claims against it and Mr. Parra-Bello – *i.e.*, the first amended complaint ("FAC") – was not filed until more than two years later, *i.e.*, on September 17, 2010.

In response, Ms. Bolbol notes that, while her FAC was not filed until September 17, 2010, she filed her motion to amend (asking to add Carson and Mr. Parra-Bello to the lawsuit) on July 9, 2010, *i.e.*, less than two years after the events at issue. As Ms. Bolbol argues, *Skinner v. Beemer*, No. 05-71150, 2008 U.S. Dist. LEXIS 119266 (E.D. Mich. Jan. 29, 2008) (report and recommendation), *adopted by* 2008 U.S. Dist. LEXIS 18463 (E.D. Mich. Mar. 11, 2008), supports her position that the date a motion to amend is filed is the critical date. In *Skinner*, the cause of

3

1  action accrued on October 9, 2003, and had a three-year statute of limitations. The defendants

2  argued that the plaintiff's claim was time barred.

> Defendants premise their argument on the fact that the Court granted leave to file the amended complaint on May 21, 2007, and the amended complaint was then filed, pursuant to this Court's order, on June 21, 2007. However, this argument ignores the fact that Plaintiff filed his first motion to amend the complaint to add Mainprize and Morse on October 3, 2005, well within the statute of limitations. Further, even though the motion to amend was denied without prejudice, due to improper service, the Plaintiff filed an 11-page "affidavit" on July 7, 2006, which the Court explicitly construed as a motion to amend. This date also precedes the running of the statute of limitations.
>
> It is the date of filing the motion to amend that controls for purposes of the statute of limitations. "'[T]he date of the filing of the motion to amend [the complaint] constitutes the date the action was commenced for statute of limitations purposes.'" Therefore, it is not necessary to decide whether, under Fed. R. Civ. P. 15(c), the amended complaint "relates back" to the filing of the original complaint, because the amended complaint itself was filed within the three-year limitations period. The amended complaint is therefore not subject to dismissal under the statute of limitations.

*Id.* at *13-14.[1] Other cases are in accord with *Skinner*. *See, e.g.*, *Walton v. U.S. Steel*, No. 2:07 cv 331, 2010 U.S. Dist. LEXIS 130045, at *28-29 (N.D. Ind. Dec. 7, 2010) (noting that plaintiff moved to amend her complaint within the statute of limitations and therefore there was no time bar); *United States v. Chavez-Duque*, Nos. C-08-376, C-09-144, 2010 U.S. Dist. LEXIS 29185, at *4 n.1 (S.D. Tex. Mar. 26, 2010) (noting that the motion to amend was filed within the applicable statute of limitations and therefore there was no need to determine whether there was relation back under Rule 15(c)); *Fudge v. United States*, No. 1:06-CV-695, 2007 U.S. Dist. LEXIS 35043, at *11 (W.D. Mich. May 14, 2007) (noting that the motion to amend was filed within the statute of limitations); *Irion v. County of Contra Costa*, No. C-03-0866 JCS, 2005 U.S. Dist. LEXIS 4293, at *51-52 (N.D. Cal. Mar. 16, 2005) (noting the same). To hold otherwise would meant that a plaintiff who timely files a motion to amend the complaint could be out of time simply because hearing and ruling was deferred or delayed through no fault of her own.

---

[1] Under this reasoning, the fact that Carson and Mr. Parra-Bello were not defendants in the case at the time that Ms. Bolbol moved to amend is immaterial.

4

Accordingly, the Court rejects Carson's contention that the statute of limitations is a bar – at least as to the § 52.1 claim which does have a two-year statute of limitations. *See Fenters v. Yosemite Chevron*, No. CV-F-05-1630 OWW/DLB, 2006 U.S. Dist. LEXIS 53450, at *47 n.7 (E.D. Cal. July 14, 2006) (indicating that a § 52.1 claim is subject to the two-year statute of limitations set forth in California Code of Civil Procedure § 335.1 (personal injuries)).

The false arrest claim, however, actually has a one-year statute of limitations. *See* Cal. Code Civ. Proc. § 340(c) (providing a one-year statute of limitations for false imprisonment); *Bulfer v. Dobbins*, No. 09-CV-1250 JLS (POR), 2011 U.S. Dist. LEXIS 11358, at *44 n.13 (S.D. Cal. Feb. 7, 2011) (rejecting the argument that a claim for false arrest has a two-year statute of limitations pursuant to California Code of Civil Procedure § 335.1; concluding that § 340(c) provides the statute of limitations instead based on cases noting that a false arrest is simply one way of committing a false imprisonment); *Milliken v. City of South Pasadena*, 96 Cal. App. 3d 834, 840 (1979) (indicating that there is a one-year statute of limitations for a claim of false arrest and imprisonment under § 340). With a one-year limitations period, the claim for false arrest is time barred – unless there is a basis for tolling – because the motion to amend was filed more than a year after the events at issue.

In the instant case, Ms. Bolbol has made an argument for tolling pursuant to California Code of Civil Procedure § 474. That statute provides in relevant part as follows.

> When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint, or the affidavit if the action is commenced by affidavit, and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly . . . .

Cal. Code Civ. Proc. § 474.

In its papers, Carson argues that Federal Rule of Civil Procedure 15(c) (regarding relation back) is controlling, and not § 474.[2] Presumably, Carson is contending that federal rules of procedure govern and not state rules of procedure since this case is proceeding in federal court.

---

[2] This argument is actually made in Carson's opposition to Ms. Bolbol's motion for leave to amend.

5

(Only state claims have been asserted against Carson.) However, in *Lindley v. General Electric Co.*, 780 F.2d 797 (9th Cir. 1986), the Ninth Circuit held that § 474 is a substantive state rule, not a procedural one, because it relates to the statute of limitations. *See id.* at 800-01; *see also Brennan v. Lermer Corp.*, 626 F. Supp. 926, 929-31 (N.D. Cal. 1986) (holding the same). Thus, as Ms. Bolbol has specifically asserted tolling under § 474, she is correct that § 474 is applicable.[3]

Under § 474, "[i]f the identity of the Doe defendant is known but, at the time of the filing of the complaint the plaintiff did not know facts that would cause a reasonable person to believe that liability is probable, the requirements of section 474 are met." *McOwen v. Grossman*, 153 Cal. App. 4th 937, 943 (2007). Therefore, Carson's contention that § 474 is not applicable because Ms. Bolbol has known that Carson was generally involved (*i.e.*, not a Doe defendant) since the inception of the case is without merit. The question is whether Ms. Bolbol had reason to believe Carson and/or Mr. Parra-Bello were probably liable.

To the extent Carson argues that Ms. Bolbol has known specifically about its manager's role in the alleged false arrest since the inception of the case, that does not appear to be true. As alleged in the SAC (and proposed TAC), Ms. Bolbol "had *already* been taken to the police station" when a City police officer (Officer Kranz) approached Mr. Parra-Bello about filling out a citizen's arrest form. *See* SAC ¶ 76; Prop. TAC ¶ 76 (emphasis added). To the extent Carson asserts that Ms. Bolbol *should* have known about the citizen's arrest well before the deposition of Officer Kranz in November 2009 (*e.g.*, because she could have obtained the police report herself earlier), California case law indicates that actual knowledge is the relevant standard, not constructive knowledge. *See McOwen*, 153 Cal. App. 4th at 943-44 (stating that "'[t]he fact that the plaintiff had the means to obtain knowledge is irrelevant'"; "'section 474 does not impose upon the plaintiff a duty to go in search of facts she does not actually have at the time she files her original pleading'"); *see also Balon v. Drost*, 20 Cal. App. 4th 483, 488 (1993) (stating that "'constructive or legal knowledge will

---

[3] In her reply brief in support of her motion to amend, Ms. Bolbol points out that, under Ninth Circuit law, § 474 has been held applicable in § 1983 cases. *See Merritt v. County of Los Angeles*, 875 F.2d 765, 768 (9th Cir. 1989) ("holding that the relation back provisions of state law [*i.e.*, § 474], rather than Rule 15(c), govern a federal cause of action pursuant to 42 U.S.C. § 1983"). However, even though § 1983 claims are at issue in this case, there are only state law claims being asserted against Carson.

1 not deprive [appellant] of the [section 474] remedy'"); *Sobeck & Assocs., Inc. v. B & R Investments No. 24*, 215 Cal. App. 3d 861, 867 (1989) (stating that "[a] plaintiff may use section 474 whenever he has no actual knowledge of the defendant; constructive or legal knowledge will not deprive the plaintiff of the remedy"). Hence, it appears that Ms. Bolbol did not know of facts establishing Carson and/or Mr. Parra-Bello's liability at the outset of this case.

Finally, to the extent Carson contends that the fact of the citizen's arrest is irrelevant because Judge Patel held in the Ennis case that "[m]erely signing a citizen's arrest form does not evince a joint action or conspiracy to deprive rights," thus dismissing the § 1983 Fourth Amendment claim against Carson, *see* Ennis Docket No. 61 (Order at 7), that argument is ultimately unavailing because Ms. Bolbol has not pled such a claim in her complaint. Rather, she is asserting a claim for false arrest under state law, which does not have a joint action or conspiracy requirement (as discussed below).

### 5. Violation of California Penal Code § 236

Carson argues that, even if the claims are not time barred, each should be dismissed for failure to state a claim for relief.[4]

As noted above, the first claim asserted against Carson is for false arrest and false imprisonment in violation of California Penal Code § 236. In the SAC, Ms. Bolbol alleges that the City, the City police officers, Carson, its manager Mr. Parra-Bello, and "Does 1-20 under color of state law arrested and/or caused to be arrested and/or authorized, ordered, procured, tolerated, or ratified the arrest of Plaintiff without warrant, probable cause or other legal right, and had her incarcerated in violation of law and her constitutional rights." SAC ¶ 144. Carson contends that this claim should be dismissed because, in order for it to have acted "under color of state law," it had to have jointly acted with the City Defendants – *i.e.*, effectively, engaged in a conspiracy with the City

---

[4] Carson also argues that Ms. Bolbol's request in her SAC for a civil penalty should be stricken. In her (untimely) opposition, Ms. Bolbol states that she "is cognizant of Judge Patel's ruling [finding that such penalties are not available], and asserts this claim for the purposes of preserving her rights of appeal." Opp'n at 9 n.3. At the hearing, Ms. Bolbol indicated that she may now seek reconsideration of Judge Patel's ruling. At this juncture, however, the Court shall hold Ms. Bolbol to the statement she made in her opposition.

7

1  Defendants. According to Carson, the SAC lacks specific allegations to make it plausible that it
2  engaged in a conspiracy with the City Defendants.

3  Carson's argument is understandable given Ms. Bolbol's use of the phrase "under color of
4  state law" and further given Judge Patel's rulings on Mr. Ennis's complaint in the other case, in
5  which she repeatedly noted the failure of Mr. Ennis to plead specific facts supporting his theory of
6  joint action and/or conspiracy. However, as Ms. Bolbol points out in her (untimely) opposition, her
7  claim of false arrest can stand without there being joint action and/or a conspiracy with the City
8  Defendants. A private citizen can be held liable for a false arrest without a showing of conspiracy
9  with state actors (in contrast to, *e.g.*, a claim for an unlawful arrest under § 1983). *See* CACI 1403
10 (stating that the essential elements for a claim of false arrest without a warrant by a private citizen
11 are as follows: (1) that the defendant intentionally caused the plaintiff to be arrested without a
12 warrant; (2) that the plaintiff was actually harmed; and (3) that the defendant's conduct was a
13 substantial factor in causing the plaintiff's harm; adding that a private person can make a citizen's
14 arrest by calling for a peace officer, reporting the offense, and pointing out the suspect).

15 The Court notes, however, that, technically, Ms. Bolbol has a *tort* claim for false arrest and
16 false imprisonment and not a *criminal* claim for false arrest and false imprisonment. In her SAC,
17 Ms. Bolbol has actually pled a criminal claim, citing California Penal Code § 236. *See* Cal. Pen.
18 Code § 236 (defining false imprisonment as "the unlawful violation of the personal liberty of
19 another"). Several district courts have held that there is no private right of action for a violation of §
20 236. *See, e.g.*, *Hunter v. Beagley*, No. 1:10cv067 OWW DLB, 2010 U.S. Dist. LEXIS 5381, at *6-7
21 (E.D. Cal. Jan. 25, 2010) (concluding that plaintiff failed to state a claim for relief based on the
22 alleged violation of § 236 because there is no private right of action for a violation of the statute);
23 *Archambault v. Adesa Golden Gate*, No. CIV S-08-1616 LKK GGH PS, 2008 U.S. Dist. LEXIS
24 79883, at *7-8 (E.D. Cal. Sept. 4, 2008) (noting that plaintiff's claim under § 236 "must be
25 dismissed due to the absence of a private right of action under the statute"). The Court therefore
26 dismisses the § 236 claim but shall give Ms. Bolbol leave to replead a nonconstitutional tort claim
27 for false arrest.

28  6. Violation of California Civil Code § 52.1

The second claim asserted against Carson and Mr. Parra-Bello is a violation of California Civil Code § 52.1. Section 52.1 creates liability

> [i]f a person or persons, whether or not acting under color of law, interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of [California].

Cal. Civ. Code § 52.1(a). In her proposed TAC (which she has asked for leave to file, *see infra*), Ms. Bolbol clarifies that the violations of federal and state law underlying her § 52.1 claim against Carson and Mr. Parra-Bello (as opposed to, *e.g.*, the City Defendants) are: (1) the Fourth Amendment and its counterpart in the California Constitution (Article I, § 13); (2) the freedom of speech clause of the California Constitution (Article I, § 2(a)); (3) the right to liberty provided for by the California Constitution (Article I, § 1); and (4) the right to be free from bodily restraint as provided for by the California Civil Code § 43.[5] In its motion to dismiss, Carson argues that Ms. Bolbol has failed to state a claim for relief for any of the above, except for the alleged free speech violation.

### a. Fourth Amendment and California Constitution Counterpart

Carson argues that the § 52.1 claim based on the Fourth Amendment and its California Constitution counterpart should be dismissed for the same reasons that Judge Patel dismissed these same claims in the Ennis case. *See* Docket No. 46 (Order at 9-10). The Court agrees that Judge Patel's reasoning in the Ennis case is equally applicable here. Accordingly, the Court grants the motion to dismiss the § 52.1 claim to the extent it is based on the Fourth Amendment and its California Constitution counterpart.

### b. California Civil Code § 43 and California Constitution, Article I, § 1

California Civil Code § 43 provides as follows: "Besides the personal rights mentioned or recognized in the Government Code, every person has, subject to the qualifications and restrictions provided by law, the right of protection from bodily restraint or harm, from personal insult, from

---

[5] In her SAC, Ms. Bolbol has technically pled violations of additional federal and state laws but it makes no sense to address these since she has clarified through her proposed TAC that not all are implicated with respect to Carson.

defamation, and from injury to his personal relations." Cal. Civ. Code § 43.  In the SAC, Ms. Bolbol alleges that Carson and Mr. Parra-Bello violated her right to be free from bodily restraint or harm. *See* SAC ¶ 147.  In its motion to dismiss, Carson argues that this claim is deficient because "[Ms.] Bolbol has failed to allege any specific facts in support of this claim or to link this claim to any specific facts alleged elsewhere in the SAC."  Mot. at 14.  Carson maintains that Judge Patel dismissed the § 43-based claim asserted by Mr. Ennis for similar reasons.

Judge Patel's ruling in the Ennis case, however, is not dispositive of Ms. Bolbol's claim.  In the Ennis case, all that Mr. Ennis alleged in his complaint was that, "[w]ith respect to all defendants, plaintiff alleges that each of them violated the statutory rights set forth in California Civil Code § 43 and § 1708" – nothing more.  Ennis TAC ¶ 153.  Thus, Judge Patel stated that

> *Ennis does not specify which of the rights enumerated in these sections defendants violated.*  Nor does he allege any specific facts in support of this claim or link these claims to any specific facts alleged elsewhere in the complaint.  As a result, the court cannot find that a plausible claim for relief exists based on a violation of either California Civil Code § 43 or § 1708.

Ennis Docket No. 61 (Order at 10) (emphasis added).

In the instant case, Ms. Bolbol has identified which of the rights enumerated in § 43 that Carson and Mr. Parra-Bello violated – *i.e.*, the right of protection from bodily restraint or harm.  Given this identification, it is a fair inference that the allegations underlying the claim are those related to the false arrest initiated by Carson's manager Mr. Parra-Bello.  Therefore, the Court denies the motion to dismiss the § 52.1 claim based on a violation of § 43.

Ms. Bolbol has also alleged a violation of California Constitution, Article I, § 1, which provides as follows: "All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy."  Cal. Const., art. I, § 1.  Ms. Bolbol alleges that Carson violated her right to liberty.  *See* SAC ¶ 147.  Again, it is fair inference that, given this identification, the allegations underlying this claim are those related to the false arrest.  Moreover, Carson has technically failed to address the right-to-liberty claim in its motion to dismiss.  Accordingly, the Court shall allow Ms. Bolbol to proceed with her § 52.1 claim to the

10

extent based on a violation of Article I, § 1 of the California Constitution in connection with the deprivation of liability stemming from the false arrest.

B.      Ms. Bolbol's Motion for Leave to File a TAC

In light of the Court's rulings on the motion to dismiss, Ms. Bolbol's motion for leave to file a TAC is essentially moot. She is not seeking to add any claims against Carson or Mr. Parra-Bello that have not already been addressed above.

To the extent Carson argues that Judge Patel did not intend to allow Ms. Bolbol to raise in her SAC *new* claims – *i.e.*, the § 236 claim for false arrest and the § 52.1 claim to the extent based on a violation of § 43 or the California Constitution, Article I, § 1 – and that Ms. Bolbol must be given leave to add those claims, the Court notes as follows.

First, the § 236 claim is not a new claim. It was a claim raised by Ms. Bolbol in her original complaint against the City Defendants. *See* Docket No. 1 (Compl. ¶¶ 92-94).

Second, while the § 52.1 claim is new to the extent based on a violation of § 43 or the California Constitution, Article I, § 1, neither Carson nor Mr. Parra-Bello would be prejudiced by an amendment adding that claim. *See Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999) (noting that "[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend"; there must also be, *e.g.*, a showing of prejudice to justify denial of such a motion). As noted above, the predicate of the claim (false arrest) is the same as the predicate for the § 236 claim. The underlying facts are not new or different.

Although Carson argues that there would be prejudice because, *e.g.*, fact discovery is set to close on September 21, 2011, that date is still some two months away, and Carson has failed to explain why it and Mr. Parra-Bello could not conduct the discovery they need to defend themselves within this timeframe. The Court notes that much of the relevant information is within their possession, custody, or control – *i.e.*, Carson and Mr. Parra-Bello are already well aware of their roles in the events at issue. Furthermore, Carson has not pointed to any significant third-party discovery that it or Mr. Parra-Bello would need to take, or even discovery with respect to Ms. Bolbol or the other defendants in the case. Finally, the other parties in the case (both Ms. Bolbol

1  and the other defendants) should share (if they have not already done so) the results of the discovery
2  they have already conducted in the case with Carson and Mr. Parra-Bello.

## II. CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Carson's motion to dismiss the SAC. Given the Court's rulings on the motion to dismiss, Ms. Bolbol's motion for leave to file a TAC is denied as moot.

For the sole purpose of providing a clear record as to what the claims remaining in the case are, the Court hereby orders Ms. Bolbol to file a fourth amended complaint within twenty days of this order. The fourth amended complaint shall not contain any new factual allegations and shall assert only the following claims against Carson and Mr. Parra-Bello: (1) a nonconstitutional tort claim for false arrest (not a criminal claim for false arrest under § 236) and (2) a § 52.1 claim based on (a) the freedom of speech clause of the California Constitution (Article I, § 2(a)); (b) the right to liberty provided for by the California Constitution (Article I, § 1); and (c) the right to be free from bodily restraint as provided for by the California Civil Code § 43. The § 52.1 claims shall not be based on any facts different from or broader than those alleged in connection with the false arrest claim. Ms. Bolbol shall not include as part of her prayer for relief on the § 52.1 claim a request for a civil penalty.

A status conference is set for September 9, 2011, at 10:30 a.m.; a joint status conference statement shall be filed by September 2, 2011.

This order disposes of Docket Nos. 97 and 108.

IT IS SO ORDERED.

Dated: July 26, 2011

_____
EDWARD M. CHEN
United States District Judge